IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELROY PAYNE,

    Plaintiff,                            No. CIV S-11-2262 GEB EFB PS

    vs.

MONO COUNTY; MONO COUNTY BOARD OF SUPERVISORS; MONO COUNTY PLANNING COMMISSION,

    Defendants.                     ORDER TO SHOW CAUSE

       This case, in which plaintiff is proceeding *pro se*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On August 26, 2011, plaintiff filed a complaint in this action and paid the filing fee. Dckt. No. 1. The same day, the court issued its initial scheduling order. Dckt. No. 3. That order directed plaintiff to complete service of process within 120 days (*see* Federal Rule of Civil Procedure ("Rule") 4(m)), and set a scheduling conference for December 28, 2011. *Id.* The order further directed the parties to file status reports no later than fourteen days prior to the December 28, 2011 scheduling conference (or by December 14, 2011), and cautioned the parties that failure to obey the federal or local rules or orders of the court could result in sanctions, including a recommendation that the case be dismissed. *Id.*

1

The court file reveals that plaintiff has not filed a status report, as required by the August 26, 2011 order. Additionally, it is unclear from the court file whether plaintiff has yet effected service of process on any of the defendants (and/or whether plaintiff served the defendants with a copy of the August 26, 2011 order, as directed therein). Accordingly, the status conference will be continued and plaintiff will be ordered to show cause why this case and/or any unserved defendants should not be dismissed as a result of plaintiff's failure to follow court orders and/or plaintiff's failure to effect service of process within the time prescribed by Rule 4(m). Fed. R. Civ. P. 4(m); E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); *see also* L.R. 183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Failure to timely comply with this order may result in sanctions, including a recommendation that this action be dismissed for lack of prosecution.

Accordingly, IT IS HEREBY ORDERED that:

1. The status conference currently scheduled for December 28, 2011, is continued to March 7, 2012, at 10:00 a.m., in Courtroom No. 24.

2. Plaintiff shall show cause, in writing, on or before February 22, 2012, why sanctions should not be imposed for failure to follow court orders and/or for failure to effect service of process within the time prescribed by Rule 4(m).

3. Also by February 22, 2012, the parties shall file status reports (or a joint status report) setting forth the matters referenced in the court's August 26, 2011 order, including the status of service of process.

////

////

1    4. Failure of plaintiff to comply with this order may result in a recommendation that this
2 action be dismissed for failure to follow court orders, for failure to effect service of process
3 within the time prescribed by Rule 4(m), and/or for lack of prosecution under Rule 41(b).
4 DATED: December 19, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3