IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELROY PAYNE,

    Plaintiff,

vs.

MONO COUNTY; MONO COUNTY BOARD OF SUPERVISORS; MONO COUNTY PLANNING COMMISSION,

    Defendants.

No. CIV S-11-2262 GEB EFB PS

ORDER

    This case, in which plaintiff is proceeding *pro se*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On August 26, 2011, plaintiff filed a complaint in this action and paid the filing fee. Dckt. No. 1. Thereafter, on December 19, 2011, because plaintiff failed to file a status report as ordered and because it was unclear from the court file whether plaintiff had timely effected service of process on any of the defendants, the court ordered plaintiff to show cause why this case and/or any unserved defendants should not be dismissed as a result of plaintiff's failure to follow court orders and/or plaintiff's failure to effect service of process within the time prescribed by Federal Rule of Civil Procedure ("Rule") 4(m).[1]

---

[1] Plaintiff's response to the order to show cause is due on February 22, 2012. Dckt. No. 4.

Dckt. No. 4. The court also continued the status (pretrial scheduling) conference to March 7, 2012. *Id.*

On December 22, 2011, plaintiff filed a return of service, indicating that service was effected on December 20, 2011. Dckt. No. 5. Then, on January 9, 2012, plaintiff filed a first amended complaint against the same defendants named in his original complaint (Mono County, Mono County Board of Supervisors and Mono County Planning Commission). Dckt. No. 6; *see also* Dckt. No. 8.

On January 11, 2012, defendants Mono County Board of Supervisors and Mono County Planning Commission moved to dismiss plaintiff's original complaint, or in the alternative, to quash service of summons. Dckt. No. 7. Defendants contend that the complaint should be dismissed because when the summons was served on the Secretary of the Mono County Planning Commission, no complaint was served with the summons, as required by both federal and California law. Dckt. No. 7-1 at 2, 3. Defendants also contend that the complaint should be dismissed for failure to timely serve under Rule 4(m). *Id.* at 4.

However, Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Here, plaintiff's first amended complaint was filed within 21 days of the date defendants served their motion to dismiss. Also, even assuming service of the initial complaint was proper on December 20, 2011, the amended complaint was served within 21 days of that date. Therefore, plaintiff was entitled to amend his complaint "as a matter of course."

As a result, defendants' motion to dismiss, Dckt. No. 7, will be denied as moot. Plaintiff's amended complaint supersedes the earlier complaint which that motion seeks to dismiss, rendering the earlier complaint of no legal effect and the motion to dismiss moot. *See Ramirez v. Silgan Containers*, 2007 WL 1241829, at *6 (Apr. 26, 2007).

Additionally, even though plaintiff's response to the December 19, 2011 order to show cause is not yet due, in light of plaintiff's attempted timely service of the original complaint, the order to show cause is discharged and plaintiff need not file a response to that order.  Further, even though it appears that service of the initial complaint may not have been proper under Rule 4(c)(1), and that therefore service may also have been untimely under Rule 4(m) as a result, this action will not be dismissed for failure to timely serve.  The court finds that in light of plaintiff's attempted service of the initial complaint, good cause justifies a short extension of the deadline set forth in Rule 4(m).  However, because it appears that plaintiff's attempted service of the initial complaint may not have been proper and that therefore plaintiff has not yet served process in accordance with Rule 4, service of the amended complaint via Rule 5 would be improper.  *See* Fed. R. Civ. P. 5(a)(1)(B) (authorizing pleadings filed after the original complaint to be served by mail, electronic mail, etc., as opposed to following the service procedures set forth in Rule 4). Therefore, plaintiff shall serve his amended complaint in accordance with Rule 4, including Rules 4(c) and 4(j), within 30 days from the date this order issues.  Defendants shall file a response thereto within 21 days from the date they are served with the amended complaint and summons in accordance with Rule 4.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint, Dckt. No. 6, is deemed the operative complaint in this action.

2. Defendants' motion to dismiss, Dckt. No. 7, is denied as moot and the February 15, 2012 hearing thereon is vacated.

3. The December 19, 2011 order to show cause is discharged.

4. Plaintiff shall serve his amended complaint in accordance with Rule 4 within 30 days from the date this order issues.

5. Defendants shall file a response to the first amended complaint within 21 days from the date they are served with the amended complaint and summons in accordance with Rule 4.

1    6. The status conference currently scheduled for March 7, 2012 is continued to May 16,
2 2012 at 10:00 a.m., in Courtroom No. 24.
3    7. On or before May 2, 2012, the parties shall file status reports (or a joint status report)
4 setting forth the matters referenced in the court's August 26, 2011 order, including the status of
5 service of process.
6 DATED:  February 8, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4