1

2

3

4

5

6

7

8                                   IN THE UNITED STATES DISTRICT COURT

9                                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10    ELROY PAYNE,

11              Plaintiff,                              No. 2:11-cv-2262-GEB-EFB PS

12        vs.

13    MONO COUNTY; MONO COUNTY
      BOARD OF SUPERVISORS; MONO
14    COUNTY PLANNING COMMISSION,
                                                       ORDER AND
15              Defendants.                            FINDINGS AND RECOMMENDATIONS
      _____/

16

17          This case, in which plaintiff is proceeding *pro se*, was referred to the undersigned under

18    Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Defendants Mono County Board of

19    Supervisors and Mono County Planning Commission move to dismiss plaintiff's complaint for

20    failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).  Dckt. No.

21    13.  For the reasons stated herein, the undersigned recommends that the motion to dismiss be

22    granted with very limited leave to amend.

23    I.        BACKGROUND

24              Plaintiff alleges that he is the owner of a residence and real property near Crowley Lake

25    in Mono County.  First Am. Compl. ("FAC"), Dckt. No. 8, ¶¶ 6, 11.  According to plaintiff, on

26    December 12, 2002, the Mono County Planning Commission (the "Commission") approved an

1   application from a water company for the construction and installation of a water storage tank in

2   a location directly adjacent to plaintiff's property.  *Id.* ¶¶ 11, 13.  The water tank that was

3   approved was to be no higher than 16 feet and no wider than 55 feet, among other things.  *Id.*

4   ¶ 13.  Plaintiff alleges that although neither the water company nor any Mono County employees

5   conducted or submitted a survey to determine the precise elevation level upon which the 16 foot

6   tank would be placed, the simulations submitted to the Commission established that the tank

7   bottom would be based at an elevation of 6982 feet.  *Id.* ¶¶ 15, 16.  The Commission also

8   required the water company to plant evergreen trees of at least 15 feet in height in order to

9   improve the view for local residents.  *Id.* ¶ 17.  On December 17, 2012, the Mono County Board

10  of Supervisors (the "Board") upheld the Commission's vote and gave approval for the

11  construction and installation of the water tank.  *Id.* ¶ 18.

12        Plaintiff alleges that on July 25, 2008, the water company submitted to various Mono

13  County building and planning agencies technical plans for the design, construction, and

14  installation of the water tank.  *Id.* ¶ 21.  According to plaintiff, the plans the company submitted

15  depicted the tank almost four feet higher than in the approved plan.  *Id.*  In November 2008,

16  plaintiff then conducted a visual inspection of the tank site and determined that the grading on

17  the site appeared to be completed, even though the water company had not removed a proper

18  amount of earth to comply with the elevation stated in the approved plan.  *Id.* ¶ 22.  Plaintiff

19  notified the appropriate Mono County agencies and an investigation was conducted.  *Id.* ¶ 23.

20  On December 23, 2008, the Mono County Department of Public Works notified the water

21  company that the grading was two feet too high and failed to comply with the approved plan, and

22  that the elevation had to be lowered.  *Id.* ¶ 26.  However, the addition to the tank was not noticed

23  and/or commented on until February 19, 2009, when an employee from the Department of Public

24  Works noticed the addition and indicated that the new structure exceeded the approved height by

25  over three feet.  *Id.* ¶ 27.

26  ////

2

Also, according to plaintiff, on December 11, 2008, the Commission conducted a meeting to decide on a landscaping plan for the tank project, but did not notify plaintiff about the meeting. *Id.* ¶ 24. At the meeting, the Commission approved a landscaping plan that called for coverage of the tank with trees that were not evergreen trees, as provided in the original approved plan. *Id.* ¶ 25.

On April 13, 2009, plaintiff requested a hearing from various agencies to review the entire amendment plan and also requested that he be informed as soon as any permits were issued relating to the water tank. *Id.* ¶¶ 28, 29. The same day, the Mono County Community Development Department, Building Division, issued a permit to the water company to construct and install the water tank. *Id.* ¶ 30.

On or about May 7, 2009, plaintiff requested from Mono County Counsel all documents relating to the tank project, including all permits issued. *Id.* ¶ 31. However, plaintiff did not receive notice of the building permit for the tank until on or about June 15, 2009. *Id.* ¶ 32. A couple days later, Mono County Counsel notified plaintiff that the Department of Public Works had also issued a grading permit. *Id.* ¶ 33.

On or about June 23, 2009, plaintiff requested an appeal from the Mono County Construction Board of Appeals. *Id.* ¶ 34. While plaintiff recognized the appeal was late, he noted that he was not informed of the issuance of the permit until 60 days after it issued, despite plaintiff's requests for notice. *Id.* The Mono County Construction Board of Appeals Board never responded to plaintiff's request for a hearing; instead, Mono County Counsel informed plaintiff that his request was untimely. *Id.* ¶ 35. The same day, plaintiff requested a hearing and/or appeal from the Board of Supervisors, the Commission, and the Department of Public Works. *Id.* ¶ 36. Plaintiff received informal notice from the Board of Supervisors that a hearing was set for July 14, 2009, relating only to the issuance of the grading permit. *Id.* ¶ 37.

On July 14, 2009, plaintiff attended the hearing and argued that the grading permit did not require the water company to grade to a sufficient level to keep the maximum height of the

tank at the level originally approved by the Commission and the Board (6998 feet, or 16 feet higher than the approved base elevation of 6982 feet). *Id.* ¶ 38.  Plaintiff also presented evidence that the water company was not being required to plant evergreen trees, as was provided in the original approved plan. *Id.*  The Board also heard testimony from Department of Public Works employees and persons associated with the water company, and determined that the base grade level was to be 6982 feet and the maximum allowable building height was to be 6998 feet. *Id.* ¶ 39.  Then, after receiving evidence from the Department of Public Works employee who originally indicated that the water company's designed structure exceeded the approved height by over three feet but who now indicated otherwise, the Board determined that the top of the tank did not count by law as a component of the tank itself and therefore the tank did not exceed the 16 foot maximum height. *Id.* ¶ 40.  Based on that finding, the Board voted to uphold the grading permit as issued. *Id.* ¶ 41.

Plaintiff alleges that, after the Board's decision, he sought mandamus relief from the Mono County Superior Court, but his petition for such relief was denied on August 26, 2009. *Id.* ¶ 42.  The water company has since completed the construction of the water tank. *Id.* ¶ 43.  According to plaintiff, the height of the tank exceeds the original approved plan by approximately six feet and completely obstructs plaintiff's view of Crowley Lake. *Id.* ¶ 44.  Additionally, trees are not properly installed so as to cover the tank. *Id.* ¶ 45.

Plaintiff filed a complaint in this court on August 26, 2011, asserting claims for violation of substantive and procedural due process under the Fourteenth Amendment, and for a permanent injunction, and asserting most of the same facts that were in plaintiff's petition for mandamus relief. *See* Compl., Dckt. No. 1, ¶¶ 49-63; Req. for Jud. Not. ("RFJN"), Dckt. No. 13-2, at 5-13.[1]

_____

[1] For ease of reference, all page numbers cited herein refer to the page numbers assigned by this court's case management and electronic case filing (CM/ECF) system, rather than the page numbers assigned by the parties.

1    Then, on January 9, 2012, plaintiff filed an amended complaint, again alleging most of

2    the same facts and claims, but also alleging that several months after the July 14, 2009 hearing,

3    plaintiff discovered that the Board met in secret the night before that hearing and agreed that

4    plaintiff's requests to modify the tank design and construction would be denied.  FAC ¶¶ 46-47.

5    Plaintiff's first amended complaint further alleges that since the petition for mandamus

6    was denied, defendants have refused plaintiff's requests that they make changes to the tank to

7    lessen its impact on plaintiff.  *Id.* ¶ 48.  Plaintiff also alleges that personnel in the Mono County

8    Department of Finance have repeatedly found plaintiff in default on his property taxes even

9    though he was not in default, and have refused plaintiff's proper and timely property tax

10   payments, forcing him to overpay his property taxes to prevent a forced sale of his property.  *Id.*

11   ¶¶ 49-50.  Additionally, plaintiff alleges that Mono County has sent personnel to investigate

12   alleged housing violations on numerous occasions, and "demanded that Plaintiff do certain

13   things that he is not required to do."  *Id.* ¶ 51.  Plaintiff alleges that after he complained to the

14   Board about the investigations, "Mono County personnel confronted Plaintiff demanding that

15   Plaintiff pay doctor's bills from the Mono County personnel."  *Id.* ¶¶ 52-53.

16   Plaintiff's first amended complaint alleges that defendants violated his rights to

17   substantive and procedural due process under the Fourteenth Amendment, and seeks a permanent

18   injunction requiring defendants to mitigate the visual impact of the water tank on plaintiff.  Dckt.

19   No. 6.  Defendants Mono County Board of Supervisors and Mono County Planning Commission

20   move to dismiss that complaint for failure to state a claim pursuant to Rule 12(b)(6).[2]  Dckt. No.

21   13.  Plaintiff opposes the motion.  Dckt. No. 15.

22   ////

23   ////

24

25   [2] Defendant Mono County has not moved to dismiss the complaint.  *See* Dckt. No. 13.
     Because it is unclear from the docket whether that defendant has been timely served in
     accordance with Rule 4(m), plaintiff will be ordered to show cause why that defendant should
26   not be dismissed.

II.    MOTION TO DISMISS

    A.    Standards

       To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

       In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).

       The court is mindful of plaintiff's pro se status.  Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).  However, although the court must construe the pleadings of a pro se litigant liberally, *Bretz v. Kelman*, 773

6

1    F.2d 1026, 1027 n. 1 (9th Cir. 1985), that liberal interpretation may not supply essential elements

2    of a claim that are not plead.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of*

3    *Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Furthermore, "[t]he court is not

4    required to accept legal conclusions cast in the form of factual allegations if those conclusions

5    cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network,* 18 F.3d

6    752, 754-55 (9th Cir. 1994).  Neither need the court accept unreasonable inferences, or

7    unwarranted deductions of fact.  *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

8           B.    Discussion

9           The Board and Commission move to dismiss plaintiff's complaint, arguing that (1) this

10   court is precluded from reviewing the state court judgment because of the *Rooker-Feldman*

11   doctrine; (2) plaintiff's claims regarding the water tank are barred by res judicata, (3) plaintiff's

12   allegations regarding subjects other than the water tank are not directed toward either the Board

13   or the Commission, and (4) the claim for a permanent injunction is not a viable claim.  *See*

14   *generally* Dckt. No. 13-1.  Plaintiff opposes the motion, arguing that his claims are not barred by

15   res judicata since he discovered new facts after the state court's denial of his petition for

16   mandamus and since he alleges additional new violations of his constitutional rights by various

17   Mono County officers and agents, which were not asserted in his mandamus petition.[3]  *See*

18   *generally* Dckt. No. 15.

19                  1.    Due Process Claims Relating to the Water Tank Controversy

20                        a.    *Rooker-Feldman* Doctrine

21          The Board and the Commission argue that to the extent plaintiff's first amended

22   complaint is, in effect, an appeal of the state court's decision deny plaintiff's challenge to the

23   approval of the water tank project, this court lacks jurisdiction over that controversy pursuant to

24   the *Rooker-Feldman* doctrine.  Dckt. No. 13-1 at 10-11.  Although plaintiff did not expressly

25   _____

26          [3] As the moving defendants note, plaintiff did not respond to their remaining arguments.
     *See* Dckt. No. 16 at 2-3, 7-8.

1    respond to this argument in his opposition to the motion to dismiss, the moving defendants

2    contend in their reply brief that the arguments plaintiff did make in his opposition "actually

3    emphasize[] the jurisdictional bar imposed under the facts of this case."  Dckt. No. 16 at 2.

4    Specifically, the moving defendants contend that although the opposition asserts that plaintiff's

5    present claim is different from the claims adjudicated in state court since the water tank was not

6    built until after the state court proceeding was concluded, plaintiff's state court writ petition

7    specifically requested that the court set aside the issuance of the grading and building permits

8    which allowed the construction of the water tank to proceed.  *Id.* at 3 (citing Dckt. No. 15 at 2).

9    The moving defendants contend that because the claims plaintiff now presents are inextricably

10   intertwined with the state court's denial of relief, this court lacks jurisdiction under the *Rooker-*

11   *Feldman* doctrine.  *Id.*

12           Under the *Rooker-Feldman* doctrine, a federal district court does not have subject-matter

13   jurisdiction to hear an appeal from the judgment of a state court.  *Exxon Mobil Corp. v. Saudi*

14   *Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005); *see also Dist. of Columbia Court of Appeals v.*

15   *Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923).

16   The *Rooker-Feldman* doctrine bars jurisdiction in federal district court if the exact claims raised

17   in a state court case are raised in the subsequent federal case, or if the constitutional claims

18   presented to the district court are "inextricably intertwined" with the state court's denial of relief.

19   *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898-99 (9th Cir. 2003) (quoting *Feldman*, 460 U.S. at 483

20   n. 16).  *Rooker-Feldman* thus bars federal adjudication of any suit whether a plaintiff alleges an

21   injury based on a state court judgment or directly appeals a state court's decision.  *Id.* at 900 n.4.

22   The district court lacks subject matter jurisdiction either to conduct a direct review of a state

23   court judgment or to scrutinize the state court's application of various rules and procedures

24   pertaining to the state case.  *Samuel v. Michaud*, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996),

25   aff'd, 129 F.3d 127 (9th Cir. 1997); *see also Branson v. Nott*, 62 F.3d 287, 291-92 (9th Cir.

26   1995) (finding no subject matter jurisdiction over section 1983 claim seeking, *inter alia*, implicit

1  reversal of state trial court action).  "That the federal district court action alleges the state court's

2  action was unconstitutional does not change the rule."  *Feldman*, 460 U.S. at 486.  In sum, "a

3  state court's application of its rules and procedures is unreviewable by a federal district court.

4  The federal district court only has jurisdiction to hear general challenges to state rules or claims

5  that are based on the investigation of a new case arising upon new facts."  *Samuel*, 980 F. Supp.

6  at 1412-13.

7      Here, plaintiff's first amended complaint and his state court petition for mandamus,

8  which was denied by the Mono County Superior Court before this action was commenced,

9  largely mirror one another.  *Compare* FAC *with* Defs.' RFJN, Exs. 1, 3, Dckt. No. 13-2, at 5-13,

10  19-28; *see also* RFJN Ex. 15, Dckt. No. 13-3, at 67-68.[4]  Although plaintiff contends that his

11  present claims are different from his state law claims since his current claims relate to the

12  construction of the water tank, which occurred after the state court proceedings were concluded,

13  as the moving defendants note, plaintiff's state court petition specifically requested that the court

14  set aside the permits that allowed the construction of the water tank to proceed.  Therefore,

15  although plaintiff does not specifically complain of injuries caused by the state court judgment,

16  the majority of his current claims regarding the construction of the water tank are "inextricably

17  intertwined" with the state court's denial of relief.  *See Reusser v. Wachovia Bank, N.A.,* 525

18  F.3d 855, 859 (9th Cir. 2008) ("A federal action constitutes such a de facto appeal where 'claims

19  raised in the federal court action are' inextricably intertwined' with the state court's decision such

20  that the adjudication of the federal claims would undercut the state ruling or require the district

21  court to interpret the application of state laws or procedural rules.'") (quoting *Bianchi*, 334 F.3d

22  at 898).  Therefore, this court lacks jurisdiction to review all of plaintiff's claims based on the

23  water tank controversy that were previously rejected by the state court, which includes all of

24  ───────────────

25      [4] The moving defendants' request for judicial notice of the state court records cited herein
is granted.  *See* Dckt. No. 13-2.  A court may take judicial notice of court records.  *See MGIC*

26  *Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d
118, 119 (9th Cir. 1980).

1   plaintiff's claims regarding the water tank controversy except those based on his new allegations

2   regarding a secret Board meeting that occurred the night before the July 14, 2009 hearing before

3   the Board.  *See* FAC ¶¶ 46-47.

4                                    b.  Res Judicata

5          Further, even if the *Rooker-Feldman* did not deprive this court of jurisdiction to consider

6   most of plaintiff's claims based on the water tank controversy, the moving defendants contend

7   that all of the claims relating to the water tank controversy are barred by the doctrine of res

8   judicata.  Dckt. No. 13-1 at 11-13.

9          Federal courts "are required to give state court judgments the preclusive effect they

10  would be given by another court of that state."  *Brodheim v. Cry,* 584 F.3d 1262, 1268 (9th Cir.

11  2009) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 84 (1984)).  In

12  California, res judicata, or claim preclusion, bars a second lawsuit between the same parties on

13  the same cause of action.  *People v. Barragan,* 32 Cal. 4th 236, 252 (2004).  Collateral estoppel,

14  or issue preclusion, bars the relitigation of issues that were actually litigated and determined in

15  the first action.  *Id.* at 252-53.  The elements for applying either claim preclusion or issue

16  preclusion to a second action are the same: "(1) A claim or issue raised in the present action is

17  identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a

18  final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a

19  party or in privity with a party to the prior proceeding."  *Id.* at 253 (internal quotations omitted).

20         Here, the same plaintiff is suing the same defendants that he sued in the state court

21  action.  Additionally, plaintiff does not dispute that the state court action resulted in a final

22  judgment on the merits.  *See* Dckt. No. 15 at 3.  Therefore, the only issue for this court to decide

23  is whether the claims or issues plaintiff raises in the present action regarding the water tank

24  controversy are the same as those litigated in state court.

25         California law holds that a final judgment of a state court "precludes further proceedings

26  if they are based on the same cause of action."  *Maldonado v. Harris,* 370 F.3d 945, 952 (9th Cir.

                                             10

1   2004).  Unlike the federal courts, which apply a "transactional nucleus of facts" test, "California

2   courts employ the 'primary rights' theory to determine what constitutes the same cause of action

3   for claim preclusion purposes."  *Id.*  Under this theory, "a cause of action is (1) a primary right

4   possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and

5   (3) a harm done by the defendant which consists in a breach of such primary right and duty."

6   *City of Martinez v. Texaco Trading & Transp., Inc.,* 353 F.3d 758, 762 (9th Cir. 2003) (citing

7   *Citizens for Open Access to Sand & Tide, Inc. v. Seadrift Ass'n,* 60 Cal. App. 4th 1053, 1065

8   (1998)).  "[I]f two actions involve the same injury to the plaintiff and the same wrong by the

9   defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads

10  different theories of recovery, seeks different forms of relief and/or adds new facts supporting

11  recovery."  *Eichman v. Fotomat Corp.,* 147 Cal. App. 3d 1170, 1174 (1983).

12      Here, plaintiff's "causes of action" in the federal action regarding the water tank

13  controversy are the same as those asserted in the state court action.  The two actions involve the

14  same alleged injury to plaintiff and the same alleged wrongs by the moving defendants.

15  Specifically, in both actions, plaintiff alleges that the moving defendants violated his substantive

16  and procedural due process rights by denying him a fair hearing on the water tank, by

17  constructing the tank, and by not planting trees around it.  The factual allegations in both the

18  state action and the present action involve the same alleged misconduct by the moving

19  defendants.  Additionally, while plaintiff does not seek the same exact relief, his alleged injury is

20  the same – violations of his rights to substantive and procedural due process and obstruction of

21  his view.  As the injury involved is the same, the same primary right is implicated.  Therefore,

22  under California's primary rights theory, plaintiff's state and federal "causes of action" are the

23  same.  *See Harper v. City of Monterey*, 2012 WL 195040, at *5 (N.D. Cal. Jan. 23, 2012).

24      Plaintiff argues that res judicata should not apply in this case because he alleges new

25  facts relating to the water tank controversy that either did not exist at the time of the state court

26  proceedings or that he was not aware of at that time.  Dckt. No. 15 at 1-3.  Specifically, plaintiff

1   contends that since the state court judgment, construction of the water tank was completed and

2   trees were not planted, and plaintiff learned of a "secret meeting" at which defendants decided

3   that they would vote against the plaintiff even before the July 14, 2009 hearing.  *Id.* at 4-5 (citing

4   *Clark v. Yosemite Cmty. Coll. Dist.*, 785 F.2d 781 (1986)).

5       However, as discussed above, the completion of the water tank and the failure to plant

6   trees resulted directly from the denial of plaintiff's state court relief, and the state court

7   specifically determined that plaintiff's rights were not violated by the approval of the permits

8   and/or the plan for the water tank project.  Therefore, neither the fact that the tank was ultimately

9   constructed nor the fact that trees were not properly planted bars this court's application of the

10   res judicata doctrine.

11       Additionally, although plaintiff's first amended complaint contains new allegations

12   regarding a "secret meeting" of the Board that the state court was unaware of, and which

13   plaintiff contends may have impacted that court's decision regarding whether the Board's

14   decision at the July 14, 2009 hearing violated plaintiff's rights, plaintiff does not dispute that the

15   state court specifically reviewed the decision that the Board made after the July 14, 2009 hearing

16   and found that the decision did not violate plaintiff's rights.  Therefore, although the alleged

17   "secret meeting" may be a new fact asserted in the first amended complaint, it does not create a

18   new claim.  *Clark*, 785 F.2d at 786 ("the doctrine of res judicata applies not only to those claims

19   actually litigated in the first action but also to those which might have been litigated as part of

20   that cause of action"); *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548, 558 (9th

21   Cir. 2003) ("An action that merely alleges new facts in support of a claim that has gone to

22   judgment in a previous litigation will be subject to claim preclusion."); *Monterey Plaza Hotel*

23   *Ltd. P'ship v. Local 483 of the Hotel Employees & Rest. Employees Union, AFL-CIO*, 215 F.3d

24   923, 928 (9th Cir. 2000) ("While [plaintiff] may have added new acts to its federal complaint,

25   the new allegations are insufficient to establish an independent or different primary right than

26   that which the state courts have already addressed.").  Moreover, although plaintiff may not have

1    known about the alleged "secret meeting" at the time of the state court action, there is no

2    indication that plaintiff could not have learned of that meeting had he exercised diligence prior to

3    or during the state court action, nor is there any indication that plaintiff's failure to discover

4    information regarding the alleged secret meeting was caused by any misrepresentation or

5    concealment by the moving defendants.[5]  *Eiehman*, 147 Cal. App. 3d at 1175 ("Fraud by a party

6    will not undermine the conclusiveness of a judgment unless the fraud was extrinsic, i.e., it

7    deprived the opposing party of the opportunity to appear and present his case."); *Western Sys. v.*

8    *Ulloa*, 958 F.2d 864, 871-72 (9th Cir. 1992) ("Ignorance of a party does not . . . avoid the bar of

9    res judicata unless the ignorance was caused by the misrepresentation or concealment of the

10   opposing party.").   Therefore, plaintiff's claims regarding the water tank controversy are barred

11   by res judicata and the moving defendants' motion to dismiss those claims should be granted.

12   Plaintiff shall only be granted leave to amend his claim that the alleged "secret meeting" violated

13   plaintiff's due process rights if he can cure the deficiencies outlined herein regarding that claim.[6]

14    *See Lopez*, 203 F.3d at 1126-27 (district courts must afford pro se litigants an opportunity to

15   amend to correct any deficiency in their complaints).   The remainder of plaintiff's due process

16

----

17       [5] Additionally, although plaintiff states in a footnote in his opposition that although he
18   has not plead such a claim, if given an opportunity, he would argue that the procedures provided
     him in state court did not permit him a full and fair opportunity to litigate his claims before that
19   court, Dckt. No. 15 at 3, n.2, nothing in the record supports such a claim.   To the contrary, the
     judgment issued by the Mono County Superior Court reveals that judgment was entered only
20   after considering plaintiff's first amended petition and declaration in support thereof, as well as
     plaintiff's oral arguments made at a hearing on August 26, 2009.   RFJN, Ex. 15, Dckt. No. 13-3
21   at 67-68.

22       [6] Should plaintiff choose to file a second amended complaint in an attempt to cure those
     deficiencies, plaintiff is informed that the court cannot refer to prior pleadings in order to make
23   the second amended complaint complete.   Local Rule 220 requires that an amended complaint be
     complete in itself.   This is because, as a general rule, an amended complaint supersedes the
24   original complaint.   *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).   Accordingly, once
     plaintiff files a second amended complaint, the original and first amended complaint will no
25   longer serve any function in this case.   Therefore, "a plaintiff waives all causes of action alleged
     in the original complaint which are not alleged in the amended complaint," *London v. Coopers &*
26   *Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint
     are no longer defendants.   *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

1   claims based on the water tank controversy shall be dismissed without leave to amend. *Noll*, 809

2   F.2d at 1448 (while the court would normally grant a pro se plaintiff a chance to amend his

3   complaint, the court will not grant leave to amend where it is clear that no amendment can cure

4   the complaint's defects).

5                      2.  Due Process Claims Based on Plaintiff's Other Allegations

6          Plaintiff's first amended complaint also includes a handful of allegations that do not

7   directly relate to the water tank controversy.  Specifically, the first amended complaint alleges

8   that (1) personnel in the Mono County Department of Finance have repeatedly found plaintiff in

9   default on his property taxes even though he was not in default, and have refused plaintiff's

10  proper and timely property tax payments, forcing him to overpay his property taxes to prevent a

11  forced sale of his property, FAC ¶¶ 49-50; (2) Mono County has sent personnel to investigate

12  alleged housing violations on numerous occasions, and "demanded that Plaintiff do certain

13  things that he is not required to do," *id.* ¶ 51; and (3) after plaintiff complained to the Board

14  about the investigations, "Mono County personnel confronted Plaintiff demanding that Plaintiff

15  pay doctor's bills from the Mono County personnel," *id.* ¶¶ 52-53.  The moving defendants seek

16  dismissal of those claims, arguing that none of the new allegations are directed toward either of

17  the moving defendants and that none of the allegations are sufficient to state a viable claim.

18  Dckt. No. 13-1 at 13-15.

19         The moving defendants are correct that none of the new allegations in plaintiff's first

20  amended complaint are directed at either of those defendants, nor would the new allegations be

21  sufficient to state a claim against either of those defendants.  Therefore, the moving defendants'

22  motion to dismiss those claims should be granted without leave to amend. *Noll*, 809 F.2d at

23  1448.

24                      3.  Permanent Injunction Claim

25         The moving defendants also seek dismissal of plaintiff's claim for a permanent

26  injunction.  Dckt. No. 13-1 at 15.  Injunctive relief "is a remedy and not, in itself, a claim, and a

                                           14

1   claim must exist before injunctive relief may be granted." *Loder v. World Savings Bank, N.A.*,

2   2011 WL 1884733, at *8 (N.D. Cal. May 18, 2011).  Here, because plaintiff has not stated any

3   viable claim against the moving defendants, their motion to dismiss plaintiff's permanent

4   injunction claim should be granted without leave to amend.

5   III.    ORDER TO SHOW CAUSE REGARDING SERVICE ON MONO COUNTY

6           Although plaintiff notes that defendant Mono County has not moved to dismiss the

7   complaint, Dckt. No. 15 at 1, n.1, the moving defendants state that Mono County has not yet

8   been served, Dckt. No. 16 at 1, n.1.  Because it is unclear from the docket whether Mono County

9   has in fact been timely and properly served, plaintiff will be ordered to show cause why that

10   defendant should not be dismissed for failure to effect service of process within the time

11   prescribed by Rule 4(m) and/or for failure to comply with the Federal Rules of Civil Procedure

12   and this court's previous orders.  *See* Dckt. Nos. 3, 4; Fed. R. Civ. P. 4(m); *see also* Fed. R. Civ.

13   P. 4(*l*)(1) (requiring that proof of service be made to the court); E.D. Cal. L.R. 210(b) (same);

14   E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any

15   order of the Court may be grounds for imposition by the Court of any and all sanctions

16   authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. L.R. 183

17   ("Any individual representing himself or herself without an attorney is bound by the Federal

18   Rules of Civil or Criminal Procedure and by these Local Rules."); *Ghazali v. Moran*, 46 F.3d 52,

19   53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for

20   dismissal.").  Failure to timely comply with this order may result in sanctions, including a

21   recommendation that Mono County and/or this action be dismissed for lack of prosecution, for

22   failure to follow this court's orders and Local Rules, and/or for failure to effect service of

23   process within the time prescribed by Rule 4(m).

24   ////

25   ////

26   ////

IV.     CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff shall show cause, in writing, within fourteen days from the date of this order, why Mono County should not be dismissed for failure to effect service of process within the time prescribed by Rule 4(m) and/or for failure to comply with the Federal Rules of Civil Procedure and this court's previous orders.

2.  Failure of plaintiff to comply with this order may result in a recommendation that Mono County and/or this action be dismissed for failure to follow court orders, for failure to effect service of process within the time prescribed by Rule 4(m), and/or for lack of prosecution under Rule 41(b).

3.  The status (pretrial scheduling) conference currently set for hearing on November 14, 2012, is vacated.[7]

It is FURTHER RECOMMENDED that:

1.  The motion to dismiss filed by defendants Mono County Board of Supervisors and Mono County Planning Commission's, Dckt. No. 13, be granted;

2.  Plaintiff's claims against those defendants be dismissed;

3.  Plaintiff be denied leave to amend his claims against the moving defendants, except plaintiff's due process claims based on the alleged "secret meeting," if plaintiff can cure the deficiencies regarding that claim; and

4.  Plaintiff be granted thirty days from the date of service of any order adopting these findings and recommendations to file a second amended complaint as provided herein.  The second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint."  Failure to timely file a second amended complaint in

---

[7] As a result, the parties are not required to submit status reports as provided in the July 26, 2012 minute order.  Dckt. No. 18; *see also* Dckt. No. 3.  However, if necessary in the future, the undersigned may reschedule the status conference and require the parties to submit status reports.

1  accordance with this order will result in a recommendation that the moving defendants be

2  dismissed with prejudice.

3      These findings and recommendations are submitted to the United States District Judge

4   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

5  after being served with these findings and recommendations, any party may file written

6  objections with the court and serve a copy on all parties.  Such a document should be captioned

7  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

8  within the specified time may waive the right to appeal the District Court's order. *Turner v.*

9  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

10 DATED:  September 13, 2012.

12                                 EDMUND F. BRENNAN
                                   UNITED STATES MAGISTRATE JUDGE

17