1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ELROY PAYNE,

11              Plaintiff,                       No. 2:11-cv-2262-TLN-EFB PS

12        vs.

13   MONO COUNTY; MONO COUNTY
     BOARD OF SUPERVISORS; MONO
14   COUNTY PLANNING COMMISSION,
                                                 FINDINGS AND RECOMMENDATIONS
15              Defendants.
     _____/

16

17        This case, in which plaintiff is proceeding *pro se*, was referred to the undersigned under

18   Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Defendants Mono County Board of

19   Supervisors and Mono County Planning Commission move to dismiss plaintiff's second

20   amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure

21   ("Rule") 12(b)(6); or, in the alternative, for an order granting judgment on the pleadings pursuant

22   to Rule 12(c).  Dckt. No. 25.[1]  For the reasons that follow, the motion to dismiss should be

23   granted without leave to amend.

24   _____

25        [1] For ease of reference, all page numbers cited herein refer to the page numbers assigned
     by this court's case management and electronic case filing (CM/ECF) system, rather than the
26   page numbers assigned by the parties.

                                            1

I.   FACTUAL BACKGROUND

Plaintiff alleges that he is the owner of a residence and real property near Crowley Lake in Mono County.  *See* 2d Am. Compl. ("SAC") ¶¶ 6, 11, Dckt. No. 23, at 2.  According to plaintiff, on December 12, 2002, the Mono County Planning Commission (the "Commission") approved an application from a water company for the construction and installation of a water storage tank in a location directly adjacent to plaintiff's property.  *Id.* ¶¶ 11, 13.  The water tank that was approved was to be no higher than 16 feet and no wider than 55 feet, among other things.  *Id.* ¶ 13.  Plaintiff alleges that although neither the water company nor any Mono County employees conducted or submitted a survey to determine the precise elevation level upon which the 16 foot tank would be placed, the simulations submitted to the Commission established that the tank bottom would be based at an elevation of 6982 feet.  *Id.* ¶¶ 15, 16.  According to plaintiff, the Mono County Board of Supervisors (the "Board") approved the design of the tank at 8 feet below the existing grade.  *Id.* ¶ 15.  The Commission also required the water company to plant evergreen trees of at least 15 feet in height in order to improve the view for local residents.  *Id.* ¶ 18.  On December 17, 2012, the Board upheld the Commission's vote and gave approval for the construction and installation of the water tank.  *Id.* ¶ 19.

Plaintiff alleges that on July 25, 2008, the water company submitted to various Mono County building and planning agencies technical plans for the design, construction, and installation of the water tank.  *Id.* ¶ 22.  According to plaintiff, the plans the company submitted depicted the tank almost 4 feet higher than in the approved plan.  *Id.*  In November 2008, plaintiff then conducted a visual inspection of the tank site and determined that the grading on the site appeared to be completed, even though the water company had not removed a proper amount of earth to comply with the elevation stated in the approved plan.  *Id.* ¶ 23.  Plaintiff notified Hap Hazard, the local member of the Board, who instructed appropriate Mono County agencies to conduct an investigation.  *Id.* ¶ 24.  On December 23, 2008, the Mono County Department of Public Works notified the water company that the grading was too high and failed

1    to comply with the approved plan, and that the elevation had to be lowered. *Id.* ¶ 27.  The

2    investigators recorded the elevation of the pre-existing grade to determine the correct tank

3    elevation, *id.* ¶ 28, which confirmed that the design was, in fact, 3 feet higher than the approved

4    8 foot limit. *Id.* ¶ 29.  However, the addition to the tank was not noticed and/or commented on

5    until February 19, 2009, when an employee from the Department of Public Works noticed the

6    addition and indicated that the new structure exceeded the approved height by over three feet.

7    *Id.* ¶ 29.

8        Also, according to plaintiff, on December 11, 2008, the Commission conducted a meeting

9    to decide on a landscaping plan for the tank project, but did not notify plaintiff about the

10    meeting.  *Id.* ¶ 25.  At the meeting, the Commission approved a landscaping plan that called for

11    coverage of the tank with trees that were not evergreen trees, as required by the original

12    approved plan.  *Id.* ¶ 26.

13        On April 13, 2009, plaintiff requested a hearing from various agencies to review the

14    entire amendment plan and also requested that he be informed as soon as any permits were

15    issued relating to the water tank.  *Id.* ¶¶ 31, 32.  The same day, the Mono County Community

16    Development Department, Building Division, issued a permit to the water company to construct

17    and install the water tank.  *Id.* ¶ 33.

18        On or about May 7, 2009, plaintiff requested from Mono County Counsel all documents

19    relating to the tank project, including all permits issued.  *Id.* ¶ 34.  However, plaintiff did not

20    receive notice of the building permit for the tank until on or about June 15, 2009.  *Id.* ¶ 35.  A

21    few days later, Mono County Counsel notified plaintiff that the Department of Public Works had

22    also issued a grading permit.  *Id.* ¶ 36.

23        On or about June 23, 2009, plaintiff requested an appeal from the Mono County

24    Construction Board of Appeals.  *Id.* ¶ 38.  While plaintiff recognized the appeal was late, he

25    noted that he was not informed of the issuance of the permit until 60 days after it issued, despite

26    plaintiff's requests for notice.  *Id.*  The Mono County Construction Board of Appeals never

responded to plaintiff's request for a hearing, *id.* ¶ 37; instead, Mono County Counsel informed plaintiff that his request was untimely. *Id.* ¶ 39. The same day, plaintiff requested a hearing and/or appeal from the Board of Supervisors, the Commission, and the Department of Public Works. *Id.* ¶ 40. Plaintiff received informal notice from the Board of Supervisors that a hearing was set for July 14, 2009, in Bridgeport, California–seventy miles from the site–and relating only to the issuance of the grading permit. *Id.* ¶ 41.

Plaintiff alleges that, six to nine months after the court denied his request for mandamus relief, he learned from a former Mono County Counsel that Mono County officials had met in private on July 13, 2009 to discuss the July 14, 2009 hearing. *Id.* ¶ 53. During that meeting, the officials agreed to deny Payne's request to modify the tank design and construction, regardless of any evidence that Payne presented at the hearing. *Id.* ¶ 54. The same former Mono County Counsel also told plaintiff that "Mono County was the most corrupt county he ever worked for." *Id.* ¶ 57. The meeting was conducted in private, no evidence was presented at the meeting, and no arguments or public comments were made. *Id.* ¶ 55. However, plaintiff also alleges that the former Mono County Counsel was present at the meeting and told the attendees that "Payne was right about everything he had argued." *Id.* ¶ 56.

Plaintiff contends he was not aware of the meeting because he was not provided with notice and he therefore would have had no way of knowing about it had the Mono County Counsel not informed him about it later. *Id.* ¶ 58. Plaintiff alleges that the County deliberately withheld information concerning the meeting–before, during, and after the hearing. *Id.* ¶ 59. According to plaintiff, the meeting made the public hearing a mere formality. *Id.* ¶ 60. "Payne was allowed to speak [at the hearing] but Payne was not heard nor did the Defendants consider Payne's evidence or arguments." *Id.*

Nevertheless, on July 14, 2009, plaintiff attended the hearing and argued that the grading permit did not require the water company to grade to a sufficient level to keep the maximum height of the tank at the level originally approved by the Commission and the Board (6998 feet,

or 16 feet higher than the approved base elevation of 6982 feet). *Id.* ¶ 42. Plaintiff also presented evidence that the water company was not being required to plant evergreen trees, as was provided in the original approved plan. *Id.* In addition, plaintiff introduced correspondence penned by a Mono County engineer to Mono County's project head that suggested a shorter and wider tank that would not exceed the height limits. *Id*. ¶ 43. The Board also heard testimony from Department of Public Works employees and persons associated with the water company, and determined that the base grade level was to be 6982 feet and the maximum allowable building height was to be 6998 feet. *Id.* ¶ 45. Then, after receiving evidence from the Department of Public Works employee who originally indicated that the water company's designed structure exceeded the approved height by over three feet but who now indicated otherwise, the Board determined that the top of the tank did not count by law as a component of the tank itself and therefore the tank did not exceed the 16 foot maximum height. *Id.* ¶ 46. Based on that finding, the Board voted to uphold the grading permit as issued. *Id.* ¶ 48. Thereafter, plaintiff alleges, the County instructed Mono County employees, who originally sided with Payne, not to talk to him or make any efforts to remedy the issues raised by him before the July 14, 2009 hearing. *Id.*

Plaintiff alleges that, after the Board's decision, he sought mandamus relief from the Mono County Superior Court, but his petition for such relief was denied on August 26, 2009. *Id.* ¶ 49. The water company has since completed the construction of the water tank. *Id.* ¶ 50. According to plaintiff, the height of the tank exceeds the original approved plan by approximately six feet and completely obstructs his view of Crowley Lake. *Id.* ¶ 51. Additionally, trees are not properly installed so as to cover the tank. *Id.* ¶ 52.

II.   <u>PROCEDURAL BACKGROUND</u>

On July 29, 2009, plaintiff filed a petition for mandamus relief in Mono County Superior Court against defendants Mono County, the Board, and the Commission (along with other Mono County Departments not named as defendants in the present action). *See* Defs.' Req. for Jud.

Not. ("RFJN"), Dckt. No. 25-2, at 5-13.[2]  As part of his petition for mandamus relief, plaintiff

asserted claims for violation of substantive and procedural due process under the Fourteenth

Amendment, *id.* at 11, and requested the court stay all prior decisions/orders allowing the

defendants to build a water tank that allegedly would obstruct plaintiff's view of the lake near his

residential property.  On September 2, 2009, after a hearing on the merits, the Mono County

Superior Court denied plaintiff's petition in its entirely and entered judgment for defendants.  *Id.*,

Dckt. No. 25-3, at 67-68.

      Plaintiff filed a complaint in this court on August 26, 2011, asserting claims for violation

of substantive and procedural due process under the Fourteenth Amendment, and for a

permanent injunction, and asserting most of the same facts that were in plaintiff's petition for

mandamus relief.  *See* Compl., Dckt. No. 1, ¶¶ 49-63; Dckt. No. 25-2, at 5-13.  Then, on January

9, 2012, plaintiff filed an amended complaint, again alleging most of the same facts and claims,

but also alleging that several months after the July 14, 2009 hearing, plaintiff discovered that the

Board met in secret the night before that hearing and agreed that plaintiff's requests to modify

the tank design and construction would be denied.  First Am. Compl. ("FAC"), Dckt. No. 6,

¶¶ 46-47.

      On November 7, 2012, plaintiff's first amended complaint was dismissed, but plaintiff

was granted very limited leave to amend his due process claims based on the alleged "secret

meeting."[3]  Dckt. No. 22; *see also* Dckt. No. 19.  Plaintiff's claim for injunctive relief was

_____

[2] The moving defendants' request for judicial notice of the state court records cited herein is granted.  *See* Dckt. No. 25-2.  A court may take judicial notice of court records.  *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[3] On September 13, 2012, the undersigned also ordered plaintiff to show cause, in writing, why defendant Mono County should not be dismissed for failure to effect service of process within the time prescribed by Rule 4(m) and/or for failure to comply with Federal Rules of Civil Procedure.  *See* Dckt. No. 19.  On November 7, 2011, the district court judge adopted the undersigned's findings and recommendations, and dismissed all claims against defendant Mono County.  Dckt. No. 22.  In the second amended complaint, plaintiff realleges all claims

1    dismissed without leave to amend.  *Id.* at 14-15.

2           On December 11, 2012, plaintiff filed a second amended complaint.  *See generally,* SAC.

3    That complaint alleges that defendants violated his rights to substantive and procedural due

4    process under the Fourteenth Amendment, and again seeks a permanent injunction requiring

5    defendants to mitigate the visual impact of the water tank on plaintiff.  *Id.* ¶¶ 61-75.  However, in

6    his second amended complaint, plaintiff now alleges that defendants committed extrinsic fraud

7    when they deliberately withheld information concerning a secret meeting held one day before the

8    July 14, 2009 hearing and during which defendants agreed to deny plaintiff's request to modify

9    the tank design and construction regardless of any presentation or arguments made by plaintiff at

10   the hearing.  SAC ¶¶ 41, 54, 59.  Defendants the Board and the Commission move to dismiss

11   that complaint for failure to state a claim pursuant to Rule 12(b)(6) or, in the alternative,

12   pursuant to Rule 12(c).[4]  Dckt. No. 25.  Plaintiff opposes the motion.  Dckt. No. 30.

13   III.   <u>MOTION TO DISMISS</u>

14          A.     <u>Standards</u>

15          To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint

16   must contain more than a "formulaic recitation of the elements of a cause of action"; it must

17   contain factual allegations sufficient to "raise a right to relief above the speculative level."  *Bell*

18   *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more

19   . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of

20   action."  *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-

21   236 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to

22   _____

23   against defendant Mono County.  *See generally* SAC.

24          [4] Rule 12(c) provides, "[a]fter the pleadings are closed but within such time as not to
     delay the trial, any party may move for judgment on the pleadings."  Fed. R Civ. P. 12(c).  Here,
25   defendants filed the motion to dismiss prior to filing an answer to the second amended
     complaint.  Accordingly, the motion is properly addressed as a motion to dismiss pursuant to
26   Rule 12(b)(6).

                                                      7

1   'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

2   (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff

3   pleads factual content that allows the court to draw the reasonable inference that the defendant is

4   liable for the misconduct alleged." *Id*. Dismissal is appropriate based either on the lack of

5   cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal

6   theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

7         In considering a motion to dismiss, the court must accept as true the allegations of the

8   complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe

9   the pleading in the light most favorable to the party opposing the motion, and resolve all doubts

10  in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869

11  (1969).

12        The court is mindful of plaintiff's pro se status. Pro se pleadings are held to a less

13  stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21

14  (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to

15  notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d

16  1122, 1127-28 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). However,

17  although the court must construe the pleadings of a pro se litigant liberally, *Bretz v. Kelman*, 773

18  F.2d 1026, 1027 n. 1 (9th Cir. 1985), that liberal interpretation may not supply essential elements

19  of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of

20  Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not

21  required to accept legal conclusions cast in the form of factual allegations if those conclusions

22  cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network,* 18 F.3d

23  752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or

24  unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

25  ////

26  ////

B.     Discussion

The Board and Commission move to dismiss plaintiff's second amended complaint, arguing that (1) review of the state court judgment by this court is precluded by the *Rooker-Feldman* doctrine; (2) plaintiff's claims regarding the water tank are barred by res judicata, and (3) the claim for a permanent injunction is not a viable claim and it was dismissed by the court without leave to amend.  *See generally* Dckt. No. 25-1.  Plaintiff opposes the motion, arguing that his claims are not barred by res judicata because he discovered, and has alleged, new facts that demonstrate the defendants committed extrinsic fraud by holding the "secret meeting" – facts which were not known to plaintiff at the time he filed his petition for mandamus relief.  *See generally* Pl.'s Opp'n to Mot. to Dismiss, Dckt. No. 30.

1.     Permanent Injunction Claim

On November 7, 2012, the court dismissed, without leave to amend, plaintiff's request for a permanent injunction.  Dckt. No. 22; *see also* Dckt. No. 19 at 14.  Therefore, that claim need not be addressed herein.

2.     Due Process Claims Relating to the Water Tank Controversy

a.     *Rooker-Feldman* Doctrine

Once again, the Board and the Commission argue that to the extent plaintiff's second amended complaint is, in effect, an appeal of the state court's decision denying plaintiff's challenge to the approval of the water tank project, this court lacks jurisdiction over that controversy pursuant to the *Rooker-Feldman* doctrine.  Dckt. No. 25-1 at 11-12.  Once again, plaintiff did not expressly respond to this argument in his opposition to the motion to dismiss.  *See generally* Dckt. No. 30.  However, plaintiff did allege that defendants committed extrinsic fraud by denying him a fair hearing by intentionally keeping the private meeting secret.  *Id.*  The moving defendants contend that even assuming plaintiff was not provided notice of the meeting, plaintiff has not shown that he was entitled to notice of the *private* meeting or that his right to present evidence or arguments at the July 14, 2009 hearing was in any way curtailed.  Dckt. No.

28 at 6-7.  In fact, defendants argue that it is undisputed that plaintiff challenged the Board's

decision in the subsequent writ proceeding, at which, once again, plaintiff was heard and his

evidence and arguments considered.  *Id.*  The moving defendants contend that because the claims

plaintiff now presents are inextricably intertwined with the state court's denial of relief, this

court lacks jurisdiction under the *Rooker-Feldman* doctrine.  *Id.*

Under the *Rooker-Feldman* doctrine, a federal district court does not have subject-matter

jurisdiction to hear an appeal from the judgment of a state court.  *Exxon Mobil Corp. v. Saudi*

*Basic Indus. Corp*., 544 U.S. 280, 283-84 (2005); *see also Dist. of Columbia Court of Appeals v.*

*Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923).

The *Rooker-Feldman* doctrine bars jurisdiction in federal district court if the exact claims raised

in a state court case are raised in the subsequent federal case, or if the constitutional claims

presented to the district court are "inextricably intertwined" with the state court's denial of relief.

*Bianchi v. Rylaarsdam*, 334 F.3d 895, 898-99 (9th Cir. 2003) (quoting *Feldman*, 460 U.S. at 483

n. 16).  *Rooker-Feldman* thus bars federal adjudication of any suit whether a plaintiff alleges an

injury based on a state court judgment or directly appeals a state court's decision.  *Id.* at 900 n.4.

The district court lacks subject matter jurisdiction either to conduct a direct review of a state

court judgment or to scrutinize the state court's application of various rules and procedures

pertaining to the state case.  *Samuel v. Michaud*, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996),

aff'd, 129 F.3d 127 (9th Cir. 1997); *see also Branson v. Nott*, 62 F.3d 287, 291-92 (9th Cir.

1995) (finding no subject matter jurisdiction over section 1983 claim seeking, inter alia, implicit

reversal of state trial court action).  "That the federal district court action alleges the state court's

action was unconstitutional does not change the rule."  *Feldman*, 460 U.S. at 486.  In sum, "a

state court's application of its rules and procedures is unreviewable by a federal district court.

The federal district court only has jurisdiction to hear general challenges to state rules or claims

that are based on the investigation of a new case arising upon new facts."  *Samuel*, 980 F. Supp.

at 1412-13.

1    Like plaintiff's first amended complaint, plaintiff's second amended complaint and his

2    state court petition for mandamus, which was denied by the Mono County Superior Court before

3    this action was commenced, largely mirror one another.  *Compare* SAC *with* Defs.' Req. for Jud.

4    Not. ("RFJN"), Exs. 1, 3, 15, Dckt. No. 25-2, at 5-13, 19-28, 67-68.  Plaintiff continues to

5    complain that the water tank is too high, that the wrong kinds of trees (or an insufficient number

6    of trees) were built near it, that the structure obstructs his view, that his alternate plan should

7    have been adopted, and that he was deprived of the opportunity to be heard.  Therefore, although

8    plaintiff does not specifically complain of injuries caused by the state court judgment, the

9    majority of his current claims regarding the construction of the water tank are "inextricably

10   intertwined" with the state court's denial of relief.  *See Reusser,* 525 F.3d at 859 ("A federal

11   action constitutes such a de facto appeal where 'claims raised in the federal court action are

12   'inextricably intertwined' with the state court's decision such that the adjudication of the federal

13   claims would undercut the state ruling or require the district court to interpret the application of

14   state laws or procedural rules.'") (quoting *Bianchi*, 334 F.3d at 898).

15   Plaintiff, however, argues that the *Rooker-Feldman* doctrine does not apply because

16   defendants engaged in extrinsic fraud by withholding information about the secret meeting,

17   which in turn, "fraudulently prevented him from presenting his claim or defense" at the

18   following day's hearing.  Dckt. No. 30, at 2.  The *Rooker-Feldman* doctrine does not bar subject

19   matter jurisdiction when a federal plaintiff alleges a cause of action for extrinsic fraud on a state

20   court and seeks to set aside a state court judgment obtained by that fraud.  *See Kougasian v.*

21   *TMSL, Inc.*, 359 F.3d 1136, 1140-41 (9th Cir. 2004).  However, an allegation of extrinsic fraud

22   does not, alone, create federal subject matter jurisdiction.  "In order to be considered extrinsic

23   fraud, the alleged fraud must be such that it prevents a party from having an opportunity to

24   present his claim or defense in court, or deprives a party of his right to a 'day in court.'"  *See*

25   *Green v. Ancora-Citronelle Corp.*, 577 F.2d 1380 (9th Cir. 1978) (*citing Pentz. v. Kuppinger*, 31

26   Cal. App. 3d 590, 595 (1973); *Robinson v. Robinson*, 198 Cal. App. 2d 193, 788 (1961), *Kulchar*

1    *v. Kulchar*, 1 Cal.3d 467 (1969)).  "Extrinsic fraud on a court is, by definition, not an error by

2    that court.  It is, rather, a wrongful act committed by the party or parties who engaged in the

3    fraud.  In essence, it includes conduct that prevents a party from presenting his claim in court."

4    *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981).  "The focus of such claim is not on

5    whether a state court committed legal error, but rather on a wrongful act by the adverse party."

6    *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008).

7         No exception to the *Rooker-Feldman* doctrine applies here.  Even though plaintiff admits

8    in the second amended complaint that he received notice of the July 14, 2009 hearing, and that

9    he (and others) appeared at the hearing and even presented arguments and evidence, SAC, ¶¶ 41-

10    46, plaintiff argues the events that occurred at the private meeting rendered the July 14, 2009

11    hearing meaningless.  *Id*. at 3.  However, even assuming the meeting rendered the hearing

12    meaningless, plaintiff still had his day in court when he presented evidence and oral argument at

13    the Mono County Superior Court in furtherance of his mandamus petition.

14         Therefore, this court lacks jurisdiction to review all of plaintiff's claims based on the

15    water tank controversy that were previously rejected by the state court, which includes all of

16    plaintiff's claims regarding the water tank controversy, including those based on his new

17    allegations regarding a secret meeting that occurred the night before the July 14, 2009 hearing

18    before the Board.  *See* SAC.  In short, plaintiff has failed to allege sufficient facts to support his

19    allegation that the secret meeting rendered the July 14, 2009 hearing meaningless since the

20    merits of plaintiff's claims were heard by the Mono County Superior Court.

21                     b.     <u>Res Judicata</u>

22         Further, even if the *Rooker-Feldman* did not deprive this court of jurisdiction to consider

23    most of plaintiff's claims based on the water tank controversy, the moving defendants contend

24    that all of the claims relating to the water tank controversy are barred by the doctrine of res

25    judicata.  Dckt. No. 25-1 at 12-15.

26    ////

Federal courts "are required to give state court judgments the preclusive effect they would be given by another court of that state." *Brodheim v. Cry,* 584 F.3d 1262, 1268 (9th Cir. 2009) (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 84 (1984)).  In California, res judicata, or claim preclusion, bars a second lawsuit between the same parties on the same cause of action.  *People v. Barragan,* 32 Cal. 4th 236, 252 (2004).  Collateral estoppel, or issue preclusion, bars the relitigation of issues that were actually litigated and determined in the first action.  *Id.* at 252-53.  The elements for applying either claim preclusion or issue preclusion to a second action are the same:  "(1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding."  *Id.* at 253 (internal quotations omitted).

Here, the same plaintiff is suing the same defendants that he sued in the state court action.  Additionally, plaintiff does not dispute that the state court action resulted in a final judgment on the merits.  *See generally* Dckt. No. 30.  Therefore, the only issue for this court to decide is whether the claims or issues plaintiff raises in the present action regarding the water tank controversy are the same as those litigated in state court.

California law holds that a final judgment of a state court "precludes further proceedings if they are based on the same cause of action." *Maldonado v. Harris,* 370 F.3d 945, 952 (9th Cir. 2004).  Unlike the federal courts, which apply a "transactional nucleus of facts" test, "California courts employ the 'primary rights' theory to determine what constitutes the same cause of action for claim preclusion purposes." *Id.*  Under this theory, "a cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary right and duty." *City of Martinez v. Texaco Trading & Transp., Inc.,* 353 F.3d 758, 762 (9th Cir. 2003) (citing *Citizens for Open Access to Sand & Tide, Inc. v. Seadrift Ass'n,* 60 Cal. App. 4th 1053, 1065 (1998)).  "[I]f two actions involve the same injury to the plaintiff and the same wrong by the

1   defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads

2   different theories of recovery, seeks different forms of relief and/or adds new facts supporting

3   recovery." *Eichman v. Fotomat Corp.,* 147 Cal. App. 3d 1170, 1174 (1983).

4       Here, plaintiff's "causes of action" in the federal action regarding the water tank

5   controversy are the same as those asserted in the state court action.  The two actions involve the

6   same alleged injury to plaintiff and the same alleged wrongs by the moving defendants.

7   Specifically, in both actions, plaintiff alleges that the moving defendants violated his substantive

8   and procedural due process rights by denying him a fair hearing on the water tank, by

9   constructing the tank, and by not planting trees around it.  The factual allegations in both the

10  state action and the present action involve the same alleged misconduct by the moving

11  defendants.  Additionally, while plaintiff does not seek the same exact relief, his alleged injury is

12  the same – violations of his rights to substantive and procedural due process and obstruction of

13  his view.  As the injury involved is the same, the same primary right is implicated.  Therefore,

14  under California's primary rights theory, plaintiff's state and federal "causes of action" are the

15  same. *See Harper v. City of Monterey*, 2012 WL 195040, at *5 (N.D. Cal. Jan. 23, 2012).

16      Plaintiff argues that res judicata should not apply in this case because he alleges new

17  facts relating to the water tank controversy that establish defendants denied him of the right to a

18  fair and adequate hearing.  Dckt. No. 30.  Specifically, he contends that since the state court

19  judgment, he learned of the "secret meeting" at which defendants decided that they would vote

20  against the plaintiff even before the July 14, 2009 hearing.  *Id.* at 3-4 (citing *Clark v. Yosemite*

21  *Cmty. Coll. Dist.*, 785 F.2d 781 (1986)).

22      However, as discussed above, although plaintiff's second amended complaint contains

23  new allegations regarding a "secret meeting" of the Board that the state court was unaware of,

24  and which plaintiff contends may have impacted that court's decision regarding whether the

25  Board's decision at the July 14, 2009 hearing violated plaintiff's rights, plaintiff does not dispute

26  that the state court specifically reviewed the decision that the Board made after the July 14, 2009

                                          14

1  hearing and found that the decision did not violate plaintiff's rights.  Therefore, although the

2  alleged "secret meeting" may be a new fact asserted in the second amended complaint, it does

3  not create a new claim.  *Clark*, 785 F.2d at 786 ("the doctrine of res judicata applies not only to

4  those claims actually litigated in the first action but also to those which might have been litigated

5  as part of that cause of action"); *Gospel Missions of Am. v. City of Los Angeles*, 328 F.3d 548,

6  558 (9th Cir. 2003) ("An action that merely alleges new facts in support of a claim that has gone

7  to judgment in a previous litigation will be subject to claim preclusion."); *Monterey Plaza Hotel*

8  *Ltd. P'ship v. Local 483 of the Hotel Employees & Rest. Employees Union, AFL-CIO*, 215 F.3d

9  923, 928 (9th Cir. 2000) ("While [plaintiff] may have added new acts to its federal complaint,

10 the new allegations are insufficient to establish an independent or different primary right than

11 that which the state courts have already addressed.").

12         Therefore, plaintiff's claims regarding the water tank controversy are barred by res

13 judicata and the moving defendants' motion to dismiss those claims must be granted and the

14 claims dismissed without further leave to amend.  *Noll*, 809 F.2d at 1448 (while the court would

15 normally grant a pro se plaintiff a chance to amend his complaint, the court will not grant leave

16 to amend where it is clear that no amendment can cure the complaint's defects).

17 IV.    <u>FAILURE TO SERVE MONO COUNTY</u>

18         On September 13, 2012, the undersigned ordered plaintiff to show cause why he should

19 not be sanctioned or why defendant Mono County should not be dismissed for failure to effect

20 service of process within the time prescribed by Rule 4(m) and/or for failure to comply with the

21 Federal Rules of Civil Procedure and this court's orders.  *See* Dckt. No. 19.  On November 7,

22 2012, the district court judge adopted the undersigned's findings and recommendations, and

23 dismissed all claims against defendant Mono County "for failure to effect service of process

24 within the time prescribed by Rule 4(m) and for failure to respond to the magistrate judge's

25 September 13, 2012 order to show cause regarding service on that defendant."  Dckt. No. 22 at 2.

26 ////

In the second amended complaint, plaintiff realleges all claims against defendant Mono County. *See generally* SAC.  Plaintiff has not moved for reconsideration of the court's previous order dismissing defendant Mono County, nor has plaintiff shown good cause why Mono County was not timely served in this action.  Moreover, it is still unclear from the docket whether that defendant has been served in accordance with Rule 4(m).  Therefore, defendant Mono County should once again be dismissed pursuant to Rule 4(m).

V.     <u>CONCLUSION</u>

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  The motion to dismiss filed by defendants Mono County Board of Supervisors and Mono County Planning Commission, Dckt. No. 25, be granted and those defendants be dismissed;

2.  Defendant Mono County be dismissed pursuant to Rule 4(m);

3.  Plaintiff's entire second amended complaint be dismissed without leave to amend; and

4. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  May 15, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE